Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6536 | **DATE** | 7/29/2003 |
| **CASE TITLE** | Barbara Jack-Goods vs. State Farm Mutual Automobile Ins. Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion for leave to file an amended complaint [doc. # 18] is granted, insofar as it seeks to eliminate from the case the ADEA claim and to reconfigure the gender and race discrimination claims into three counts; in all other respects, the motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 3 0 2003 date docketed | 21 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/29/2003 date mailed notice | |
| JJK | courtroom deputy's initials | JJK mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA JACK-GOODS, )
)
    Plaintiff, )
) No. 01 C 6536
vs. )
) Magistrate Judge Schenkier
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE CO., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 22, 2001, the plaintiff filed a complaint alleging three counts of discrimination: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Count I); (2) gender and race discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count II); and race discrimination in violation of 42 U.S.C. § 1981 (Count III). Discovery in the case concluded as of March 13, 2003, and at an April 30, 2003 status hearing, the defendant stated that it intended to file a motion for summary judgment. Before the motion for summary judgment was filed, the plaintiff filed a motion for leave to amend the complaint, which is presently before the Court. The proposed amended complaint seeks to drop the ADEA claim; to split the Title VII gender and race discrimination claims into separate counts (Count I and Count II of the Proposed Amended Complaint); and to retain the race discrimination claim under Section 1981 (Count III of the Proposed Amended Complaint). The Proposed Amended Complaint does not seek to add any new causes of action, as plaintiff concedes (Pl.'s Reply Mem. at 2, ¶ 2). But, the plaintiff seeks to add 16 new paragraphs to the pleading, setting forth "allegations



of fact that were not known to Jack-Goods when the original complaint was filed" (Pl.'s motion at 1, ¶ 5).

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint already has been filed, "a party may amend the party's pleadings only by leave of court or written consent of the adverse party; and leave shall be given freely when justice so requires." It is well settled that this mandate to freely permit amendments is to be "heeded." *Foman v. Davis*, 178, 182 (1962). The liberal policy of allowing amendments to be freely made is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1471, at 505-06 (1990 Ed.); *see also Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983) ("this liberal policy is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations"). Amendments may be denied on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendments, futility of amendment, etc." *Foman*, 371 U.S. at 182. Whether an amendment should be granted is a matter committed to the sound discretion of the trial court. *Foman*, 371 U.S. at 182; *J.D. Marshall, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

The only argument that the defendant advances in opposition to the proposed amendment is futility. However, we believe that this motion should be decided on a separate ground specifically raised by the defendant: that the proposed amendment adds nothing to the pleadings. As we explained above, the plaintiff's sole stated reason for seeking to add the new paragraphs is to include

2

allegations of fact that the plaintiff says she was unaware of when the complaint was filed. That is completely unnecessary, because the federal rules adopt notice rather than fact pleading. As a result, the plaintiff need only assert "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. 8(a)(2), and thus need not plead evidentiary detail. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 626-27 (7th Cir. 1999) ("[p]laintiffs need not 'allege all, *or any* of the facts logically entailed by the claim . . . . A plaintiff does not have to plead evidence'") (citation omitted) (emphasis in original). We recognize that this admonition in Rule 8(a)(2) is often observed in the breach; for a variety of reasons plaintiffs may choose to plead facts more extensively in their initial complaint than Rule 8(a)(2) requires. When a plaintiff does so, a court may not dismiss the complaint for violating Rule 8(a)(2), *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("complaints signed by a lawyer are never dismissed simply because they are not short, concise, and plain"), and may strike detailed factual allegations in a complaint under Rule 12(f) only if they are "redundant, immaterial, impertinent or scandalous matter," a standard that is not easily met. *Kutzler v. Thor Indus., Inc.*, No. 03 C 2389, 2003 U.S. Dist. LEXIS 11886, at *10 (N.D. Ill. July 14, 2003) ("Typically, unnecessary evidentiary details in a pleading will not be stricken"). However, the fact that a plaintiff may disregard Rule 8(a)(2) in his or her initial complaint does not mean that such an approach is favored, and it certainly does not mean that it is an approach that the Court should endorse by exercising its discretion to allow an amended pleading that asserts unnecessary factual detail.

Here, denying the plaintiff's request to add the 16 factual allegations in an amended complaint will not cause her any prejudice. It will not deprive her of the opportunity to have her causes of action decided on the merits, which – as reflected in the authorities cited above – is a

3

principal consideration underlying Rule 15. The factual detail that plaintiff seeks to add to the complaint is information that plaintiff says (without contradiction by the defendant) has been developed during discovery. Accordingly, if the defendant chooses to pursue a motion for summary judgment, this factual detail can be brought to bear by the plaintiff in opposing the motion. At that time, the Court will have the opportunity to assess defendant's argument that these factual allegations would be futile on a more developed record. Indeed, both parties agree that the relevance of the factual allegations that plaintiff seeks to add may properly be addressed in the context of summary judgment motions or motions *in limine* (*see* Def.'s Mem. at 5, ¶ 7; Pl.'s Reply Mem. at 3, ¶ 5).

For these reasons, the Court GRANTS plaintiff's motion for leave to file an amended complaint insofar as it seeks to eliminate from the case the ADEA claim and to reconfigure the gender and race discrimination claims into three counts; in all other respects, the motion is DENIED.

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: July 29, 2003**