Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6536 | **DATE** | 7/22/2004 |
| **CASE TITLE** | Barbara Jack-Goods vs. State Farm Mutual Auto Ins. Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth in the attached Memorandum Opinion and Order, defendant's bill of costs is granted in part and denied in part. Defendant is awarded $3,209.99 in taxable costs under Rule 54(d).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 3 2004 date docketed | 55 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| mm | courtroom deputy's initials | 2004 JUL 22 PM 4:21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARBARA JACK-GOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 6536 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
JUL 2 3 2004

## MEMORANDUM OPINION AND ORDER

On May 6, 2004, this Court granted summary judgment for the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and against the plaintiff, Barbara Jack-Goods, on her Title VII claim for sex and race discrimination. *See Jack-Goods v. State Farm Mutual Automobile Insurance Co.*, No. 01 C 6536, 2004 WL 1093356 (N.D.Ill. May 6, 2004). As the prevailing party in this lawsuit, State Farm filed a bill of costs seeking $4,262.54 (Def.'s Bill at 4). The plaintiff objected to the bill of costs (Pl.'s Resp. at 1), and, in its reply, State Farm reduced its bill of costs to $3,398.80 (Def.'s Reply at 6). For the reasons that follow, the Court grants in part and denies in part the bill of costs, and awards $3,209.99 in costs to State Farm.

## I.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .." Consistent with that directive, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (citations omitted). This "presumption [favoring the award of costs] is difficult to overcome, and

55

the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indust. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Id.*

Here, the plaintiff does not assert any misconduct by State Farm, but does claim that she "is not able to pay the defendant's cost as she is indigent" (Pl.'s Resp. at 1). To invoke the "inability to pay" exception, a party must demonstrate by admissible evidence not merely that payment would be a burden, but that she is indigent. *Reed v. Int'l. Union*, 945 F.2d 198, 204 (7th Cir. 1991); *Jansen v. Packaging Corporation of America*, 1997 WL 583063, at *1 (N.D.Ill. September 11, 1997). A party is indigent if she is "incapable of paying the court-imposed costs at this time or in the future." *McGill*, 18 F.3d at 459 (citations omitted).

To support her claim of indigency, plaintiff has stated in her response to State Farm's bill of costs that she "has been unable to find steady employment," although she worked as a substitute teacher when she was able (Pl.'s Resp. at 2). She also stated that her husband was laid off and "only recently found new work," that their "savings and assets have been exhausted," and their car was taken because they were unable to make the payments (Pl.'s Resp. at 2). Plaintiff stated that she and her husband "sought public assistance while they continue to look for employment," and that they receive financial support from friends and family (Pl.'s Resp. at 2).

While we are sympathetic to plaintiff's professed difficult economic circumstance, we conclude that she has failed to establish the narrow indigency exception to an award of costs. The summary assertions set forth in the response are not evidence; and, the plaintiff has failed to supply an affidavit or other specific evidence showing indigency. *See McGill*, 18 F.3d at 459 (response to

petition for costs that merely alleged indigency without documentary support was insufficient); *Jansen v. Packaging Corporation of America*, 1997 WL 583063, at *1-2 (N.D.Ill Sept. 11, 1997) (party claiming indigency must provide specific evidence demonstrating indigency); *Rao v. County of Cook, Illinois*, 2004 WL 856551, at *1-2 (N.D.Ill. Apr. 21, 2004).

What's more, even if plaintiff's unsworn statements showed a *current* inability to pay costs, they would be insufficient to show an inability to pay "in the future," a showing that is required under *McGill*. Plaintiff's brief shows that she is employable, and has in fact worked periodically since her separation from State Farm. There is nothing in plaintiff's submission to indicate that plaintiff will not be employed in the future, or that she will be unable to pay costs at that time. The plaintiff has failed to show that she is indigent, and the defendant is therefore entitled to an award of costs.

## II.

Thus, we turn to the question of what cost are recoverable. Under 28 U.S.C. § 1920, certain enumerated costs may be covered by a prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1928. Provided that they fall within one of these statutory categories, costs are recoverable if they are both reasonable and necessary to the litigation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Costs that are

incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

## A. Deposition Transcripts

State Farm seeks $2,973.91 in costs for obtaining seven deposition transcripts (Def.'s Reply, Ex. A at 3-4). Recovery of costs for deposition transcripts is authorized by Section 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case." The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber*, 7 F.3d at 645 (quoting *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981)). Further, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded. . ." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) (overruled on grounds not relevant here by *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)); *see also Movitz v. First Nat'l Bank of Chicago*, 982 F.Supp. 571 (N.D.Ill 1997).

Plaintiff objected to State Farm's original bill of costs because State Farm calculated copy charges for depositions that exceeded the rates set by the Judicial Conference of the United States and "*in effect at the time the transcript or deposition was filed* unless some other rate was previously provided for by order of the court." LR 54.1(b), LOCAL RULES FOR THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS (emphasis added). In its reply, State Farm acknowledged that the amounts it originally sought for deposition transcripts exceeded those set forth by the Judicial Conference, and it agreed to seek the amount allowed according to the Judicial Conference rates (Def.'s Reply at 3). State Farm asserts that "recent opinions" set the rate

4

for deposition transcripts at $3.30 per page for original transcripts and $0.83 per page for copies (Def.'s Reply at 3-4). However, Local Rule 54.1(b) makes it clear that the applicable rate is the rate in effect at the time the transcript or deposition was filed; and the rates in effect between September 10, 2002, and February 7, 2003, the time period during which the depositions were taken, were $3.00 per page for original transcripts and $0.75 per page for copies. *See Chemetall v. ZR Energy*, 2001 WL 1104604, at *24 (N.D.Ill. Sept. 18, 2001) (Judicial Conference rates are $3.00 per page for an original transcript and $0.75 per page for the first copy of a transcript); *Ammons v. Aramark Uniform Services*, 2003 WL 685871, at *2 (N.D.Ill. Feb. 27, 2003). Therefore, State Farm may recover deposition transcript costs at $3.00 per page for original transcripts and $0.75 per page for copies.

Plaintiff also claims that the additional cost State Farm originally requested for the expedited transcript of Scott Lewis' deposition is not reasonable or necessary (Pl.'s Resp. at 3-4). Although State Farm asserts that the additional cost of the expedited transcript was both reasonable and necessary, State Farm has agreed not to pursue recovery of the additional cost for an expedited transcript (Def.'s Reply at 4). However, because State Farm obtained the original transcript of Scott Lewis' deposition, that transcript cost is reimbursable at the rate for original transcripts, $3.00 per page.

Plaintiff argues that she should not have to bear the additional cost State Farm originally requested for the position of her deposition that was taken on a Saturday (Pl.'s Resp. at 4). In its reply, State Farm has agreed to reduce the amount charged from the Saturday rate to the weekday rate, as plaintiff has suggested (Def.'s Reply at 4-5). Therefore, State Farm will recover the costs associated with the Saturday deposition at a weekday rate.

The Court therefore awards State Farm (a) $1,587.00 for the original transcript of Barbara Jack-Goods (179 pages x $3.00/page for the Nov. 7, 2003 portion, and 350 page x $3.00/page for the Nov. 9, 2003 portion); (b) $578.00 for the attendance fee for the deposition of Barbara Jack-Goods (5 hours x $40.00/hour for the Nov. 7, 2003 portion, and 9.5 ours x $40.00/hour for the Nov. 9, 2003 portion);[1] (c) $38.25 for the copy of the transcript of Ellen Johnson (51 pages x $0.75/page); (d) $342.00 for the original transcript of Scott Lewis (114 pages x $3.00/page); (e) $85.50 for the copy of the transcript of Scott Lewis (114 pages x $0.75/page); (f) $41.25 for the copy of the transcript of Kevin Letcher (55 pages x $0.75/page); (g) $61.50 for the copy of the transcript of Adrienne Chumley (82 pages x $0.75/page); (h) $28.50 for the copy of the transcript of Carrie Nero (38 pages x $0.75/page); and (i) $72.75 for the copy of the transcript of Gloria Woods (97 pages x $0.75/page). This results in a total of $2,834.75 for the deposition transcripts and attendance fees for the aforementioned witnesses, rather than the amount of $2,983.91 sought by State Farm.

### B. Exhibits Attached to Defendant's Motion to Strike.

The only duplication costs that plaintiff challenges are the costs for copies of exhibits attached to State Farm's Motion to Strike Plaintiff's Response to Defendant's 56.1 Statement of Undisputed Facts, for which State Farm seeks $189.69 (Def.'s Bill at 3). Plaintiff argues that these attached exhibits did not need to be included in State Farm's motion because the exhibits had already been filed (Pl.'s Resp. at 4). Therefore, plaintiff argues, because State Farm "could have referenced back to [the exhibits'] original designation," the copies of the exhibits did not need to be submitted with State Farm's motion and as such were unnecessary (Pl.'s Resp. at 4).

---

[1] We recognize that 5 hours at $40.00/hour totals $200; however, State Farm only seeks $198 for the attendance fee for the Nov. 7, 2003 portion (Def.'s Reply, Ex. A at 3).

While it is true that State Farm could have referenced back to the original exhibits rather than submitting copies, copy costs are standard and are routinely awarded. Although copies of the exhibits may be duplicative, courts and litigants appreciate attached exhibits because of the increased efficiency in locating relevant documents. Because of the copies, the Court saves time and resources by not having to search through voluminous stacks of paper to find referenced exhibits. Therefore, the exhibits attached to State Farm's motion are considered reasonably necessary. However, the Court finds that the standard and custom tabs included in the motion were not reasonably necessary because they are extraneous to the substance of the motion (whereas the exhibits are not). Therefore, the Court will award the defendant costs associated with the copies of the exhibits, but not the costs associated with the tabs.[2]

With a reduction for the amount State Farm requests for tabs (*i.e.*, 3 copies x 62 standard tabs x $0.25/tab and 3 copies x 3 custom tabs x $0.35/tab = $49.65), the award for costs for exhibits to the motion to strike is reduced from $189.69 to $140.04. With this reduction, the Court awards a total of $375.24 for exemplification costs, rather than the $424.89 sought by State Farm.

Based on the foregoing analysis, the Court awards State Farm costs totaling $3,209.99, including $375.24 for filing costs and $2,834.75 for the deposition transcripts and attendance fees.

---

[2] Courts in this district have held that photocopying charges in the range of $0.10 to $0.15 are reasonable. See *Jennings v. National Railroad Passenger Corp.*, 1998 WL 704106, at *2 (N.D.Ill. Sept. 28, 1998) (copies at eleven cents per page reasonable); *American Automotive Accessories, Inc. v. Fishman*, 991 F.Supp. 995, 998 (N.D.Ill. Mar. 27, 1998) (copy cost at $0.15 per page is reasonable). Thus, the $0.12 per page State Farm seeks is a reasonable request.

## CONCLUSION

For the reasons set forth above, defendant's bill of costs is granted in part and denied in part.

Defendant is awarded $3,209.99 in taxable costs under Rule 54(d).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: July 22, 2004**